■ HAROLD LEWIS, Respondent, v. GLORIA LEWIS, Appellant.— Motion to open default dismissal denied. Memorandum: The decree appealed from was entered on October 13, 1961 and notice of appeal was served on October 31, 1961. On April 3, 1962 an order was made dismissing the appeal for failure to file record and briefs. Appellant filed no affidavit in opposition to respondent's motion to dismiss. Appellant now requests that the order of dismissal be vacated. The sole ground is that appellant was without funds to print the record and briefs. This court has repeatedly held that an appellant is not required to establish that he qualifies as a poor person before permission will be granted to prosecute the appeal on nonprinted papers. (Cf. *Eagle Contrs. of Utica* v. *Black,* 5 A D 2d 954.) In the light of such decisions appellant has failed to show any valid reasons why the requested relief should be granted.

■ In the Matter of TESSIE MOON, a Person Alleged to be a Juvenile Delinquent, Appellant.— Motion to dismiss appeal granted unless record and five copies of appellant's briefs are filed and one copy served on respondent's attorney on or before September 25, 1963. Case added to term commencing October 22, 1963. Cross motion of appellant for leave to prosecute appeal as a poor person denied. Memorandum: A printed case on appeal or a printed brief is not required in an appeal under the provisions of the Family Court Act. (Family Ct. Act, § 1016.) If this appeal is not argued at the October 1963 Term, the attorney for respondent should apply to the Justice of this court who granted the stay for an order vacating such stay and directing the implementation of the order appealed from. (Cf. *People* v. *Gorney,* 18 A D 2d 964.)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ULYSSES KEMP, Appellant.— Motion to prosecute appeal as a poor person denied. Memorandum: From defendant's own papers it appears that the notice of appeal was not timely served or filed and that there is no appeal pending before this court. If defendant desires to raise the question that he was prevented from filing a timely notice of appeal through the dereliction or fault of the prison authorities, his remedy should be through *coram nobis.* (*People* v. *Hairston,* 10 N Y 2d 92.)

■ In the Matter of the Intermediate Accounting of JAMES W. BASSETTE, as Administrator of the Estate of LESLIE A. CRONK, Deceased. In the Matter of the Estate of LESLIE A. CRONK, Deceased. MILLER WHOLESALE HARDWARE; JAMES W. BASSETTE.— Motion granted and order of this court dated May 16, 1963 dismissing appeal vacated; decree of Surrogate of Seneca County dated August 1, 1962 reversed and new trial ordered. Memorandum: While appellant has shown a callous disregard of the orders of this court, it now is conceded that because of the destruction of the stenographer's minutes an adequate record on appeal may not be prepared. Therefore a new trial is required (*Waterman* v. *State of New York,* 13 A D 2d 619; *Cassella* v. *Manikas,* 8 A D 2d 587). The new trial should be held before another Judge.